IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| L'ORÉAL S.A. and L'ORÉAL USA, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-99 (GMS) |
| | ) | |
| MERCK AND CO., INC., MERCK SHARP | ) | **JURY TRIAL DEMANDED** |
| & DOHME CORP. and MSD CONSUMER | ) | |
| CARE, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT MSD CONSUMER CARE INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant, MSD Consumer Care, Inc. ("MSDCC"), by and through its undersigned counsel, answers the allegations set forth in the Complaint filed by Plaintiffs L'Oreal S.A. and L'Oreal USA, Inc. (collectively "L'Oreal") and sets forth its affirmative defenses, thereto, below:

## GENERAL ANSWER

L'Oreal's allegations refer to MSDCC, Merck & Co., Inc ("Merck") and Merck Sharp & Dohme Corp. ("MSD Corp.") as "Defendants" collectively in an indiscriminate and undifferentiated manner. MSDCC answers only on its behalf, and does not answer or admit any allegations on behalf of any other defendant. Each of the answers set forth below should be read only to the extent applicable to MSDCC.

## NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States 35 U.S.C. § 1 et seq.

**RESPONSE TO PARAGRAPH 1:**   MSDCC admits that L'Oreal's claims purport to arise under the Patent Laws of the United States (35 U.S.C. §1 et seq).  MSDCC denies the remaining allegations of Paragraph 1.

## PARTIES

2.      Plaintiff L'Oreal S.A. is a French corporation with its principal place of business at 14, rue Royale, 75381 Paris Cedex 08, France.

**RESPONSE TO PARAGRAPH 2:**   MSDCC is without knowledge or information sufficient to form a belief as to whether L'Oreal S.A. is a French corporation with its principal place of business at 14, rue Royale, 75381 Paris Cedex 08, France and therefore, denies the same.

3.      Plaintiff L'Oreal USA, Inc. is a Delaware corporation with its principal place of business at 575 Fifth Ave, New York, New York 10017.  L'Oreal USA is a wholly-owned subsidiary of L'Oreal S.A.

**RESPONSE TO PARAGRAPH 3:**   MSDCC admits that L'Oreal USA, Inc. is a Delaware corporation with offices at 575 Fifth Ave, New York, New York 10017, New Jersey, and elsewhere and otherwise is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 3, and therefore, denies the same.

4.      On information and belief, Defendant Merck and Co., Inc. ("Merck") is a New Jersey corporation with a principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.

**RESPONSE TO PARAGRAPH 4:**   MSDCC admits that Defendant Merck and Co., Inc. is a New Jersey corporation with a principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.

5.      On information and belief, Merck Sharp & Dohme Corp. ("Merck Sharp" ["MSD Corp." herein]) is a New Jersey corporation with a principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.

**RESPONSE TO PARAGRAPH 5:**   MSDCC admits that Merck Sharp & Dohme Corp. ("MSD Corp.") is a New Jersey corporation with a principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.

6.      On information and belief, MSD Consumer Care, Inc. (a.k.a. Schering-Plough HealthCare Products, Inc.) ("MSD" ["MSDCC" herein]) is a Delaware corporation with a principal place of business at 3030 Jackson Avenue, Memphis, Tennessee 38151.

**RESPONSE TO PARAGRAPH 6:**   MSDCC admits that it was formerly known as Schering-Plough HealthCare Products, Inc. and is a Delaware corporation with a principal place of business at 3030 Jackson Avenue, Memphis, Tennessee 38151.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**RESPONSE TO PARAGRAPH 7:**   MSDCC admits that this Court has subject matter jurisdiction over the Complaint.

8.      This Court has personal jurisdiction over Defendant [MSDCC] because it is a citizen of the State of Delaware

**RESPONSE TO PARAGRAPH 8:**   MSDCC admits that this Court has personal jurisdiction over it.

9.      On information and belief, Defendant Merck and [MSD Corp.] have systematic and continuous contacts in this judicial district; regularly avails itself of the benefits of this judicial district, including the jurisdiction of the courts; regularly transacts business within this judicial district; regularly sells products in this judicial district; and derives substantial revenues from sales in this district.

**RESPONSE TO PARAGRAPH 9:**   This allegation is not directed towards MSDCC, and therefore MSDCC denies the allegations of Paragraph 9.

10.      This Court has personal jurisdiction, general and specific, over Merck and [MSD Corp.].

**RESPONSE TO PARAGRAPH 10:** This allegation is not directed towards MSDCC, and therefore MSDCC denies the allegations of paragraph 10.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and § 1400.

**RESPONSE TO PARAGRAPH 11:** MSDCC admits that venue is proper as to MSDCC in this judicial district under 28 U.S.C. § 1391 and § 1400, but denies that venue is otherwise proper in this judicial district and/or that this is the most appropriate or convenient forum pursuant to 28 U.S.C. § 1404.

## L'OREAL'S PATENTS-IN-SUIT

12.     L'Oreal S.A. owns United States Patent No. 5,587,150 ("the '150 patent"). The United States Patent and Trademark Office ("USPTO") duly and legally issued the '150 patent entitled "Photostable Cosmetic Screening Composition Containing a UV-A Screening Agent and an Alkyl β, β-Diphenylacrylate or α-Cyano-β, β-Diphenylacrylate" on December 24, 1996. A true and correct copy of the '150 patent is attached as Exhibit A. L'Oreal USA is the exclusive licensee under the '150 patent.

**RESPONSE TO PARAGRAPH 12:** MSDCC is without knowledge or information sufficient to form a belief as to the ownership of U.S. Patent No. 5,587,150 ("the '150 Patent") or as to the licensees of the '150 Patent, and therefore, denies the same. MSDCC admits that the USPTO issued the '150 Patent, admits that L'Oreal has correctly transcribed the title of the '150 Patent, and admits that a copy of the '150 Patent is attached to the Complaint. MSDCC denies the remaining allegations of Paragraph 12.

13.     L'Oreal SA owns United States Patent No. 5,576,354 (the "'354 patent"). The USPTO duly and legally issued the '354 patent entitled "Photostable Cosmetic Screening Composition Containing a UV-A Screening Agent and an Alkyl β, β-Diphenylacrylate or α-Cyano-β, β-Diphenylacrylate" on November 19, 1996. A true and correct copy of the '354 patent is attached as Exhibit B. L'Oreal USA is the exclusive licensee under the '354 patent.

**RESPONSE TO PARAGRAPH 13:** MSDCC is without knowledge or information sufficient to form a belief as to the ownership of U.S. Patent No. 5,576,354 ("the '354 Patent") or as to the licensees of the '354 Patent, and therefore denies the same. MSDCC admits that the USPTO

issued the '354 Patent, admits that L'Oreal has correctly transcribed the title of the '354 Patent, and admits that a copy of the '354 Patent is attached to the Complaint.  MSDCC denies the remaining allegations of Paragraph 13.

14.    The '150 and '354 patents both relate to sunscreen compositions.

**RESPONSE TO PARAGRAPH 14:**  MSDCC admits that the '150 and '354 patents discuss sunscreen compositions.  MSDCC denies the remaining allegations of Paragraph 14.

15.    The '150 patent relates to, *inter alia*, photostable compositions containing sunscreen avobenzone.

**RESPONSE TO PARAGRAPH 15:**  MSDCC admits that the '150 patent discusses sunscreen compositions containing avobenzone.  MSDCC denies the remaining allegations of Paragraph 15.

16.    L'Oreal has complied with the statutory requirements of 35 U.S.C. § 287(a), including by placing notice of its '150 patent on products manufactured or sold in the United States.

**RESPONSE TO PARAGRAPH 16:**  MSDCC is without knowledge or information sufficient to form a belief as to L'Oreal's compliance with the statutory requirements of 35 U.S.C. §287(a), and therefore denies the allegations of Paragraph 16.

17.    The '354 patent relates to, *inter alia*, processes for stabilizing sunscreen avobenzone with respect to UV radiation by adding a diphenylacrylate compound such as octocrylene to a composition.

**RESPONSE TO PARAGRAPH 17:**  MSDCC admits that the '354 patent discusses adding a diphenylacrylate compound such as octocrylene in a sunscreen composition also containing avobenzone.  MSDCC denies the remaining allegations of Paragraph 17.

**PRIOR SUNSCREEN LITIGATION BETWEEN DEFENDANT AND NEUTROGENA/J&J**

18.    On information and belief, Defendant [MSDCC] was involved in at least one litigation relating to compositions containing sunscreen avobenzone and octocrylene. *Schering-Plough Healthcare Products, Inc. v. Neutrogena Corp.*, Case No. 1:09-cv-642-SLR (D. Del.)

(the "Prior Sunscreen Litigation"). In the Prior Sunscreen Litigation, it became clear that [MSDCC] knew of the L'Oreal patents that are the subject of this lawsuit and that it was using the technology described in those patents.

**RESPONSE TO PARAGRAPH 18:** MSDCC admits that MSDCC (formerly named Schering-Plough Healthcare Products, Inc.) was a party to *Schering-Plough Healthcare Products, Inc. v. Neutrogena Corp.*, Case No. 1:09-cv-642-SLR (D. Del.) and that whether L'Oreal owned patents discussing the combination of avobenzone and octocrylene was of record therein. MSDCC denies the remaining allegations of Paragraph 18.

19. The Prior Sunscreen Litigation involved allegations by [MSDCC] that Neutrogena (a subsidiary of Johnson & Johnson, "J&J") falsely advertised its "Ultra Sheer Dry-Touch Sunblock SPF 100+" sunscreen product.

**RESPONSE TO PARAGRAPH 19:** MSDCC admits that the Prior Sunscreen Litigation involved allegations by MSDCC that Neutrogena (a subsidiary of Johnson & Johnson, "J&J") falsely advertised its "Ultra-Sheer Dry-Touch Sunblock SPF 100+."

20. On information and belief, J&J's "Ultra Sheer Dry-Touch Sunblock SPF 100+" sunscreen product contained sunscreen avobenzone and octocrylene.

**RESPONSE TO PARAGRAPH 20:** MSDCC is without knowledge or information sufficient to form a belief as to each of the ingredients of J&J's "Ultra Sheer Dry-Touch Sunblock SPF 100+," and therefore denies the allegations of Paragraph 20.

21. On information and belief, [MSDCC's] allegation of false advertising against Neutrogena (J&J) arose from Neutrogena's (J&J's) not including diethylhexyl 2,6-naphthalate (DEHN) in the "Ultra Sheer Dry-Touch Sunblock SPF 100+" sunscreen product.

**RESPONSE TO PARAGRAPH 21:** MSDCC admits that its allegation of false advertising against Neutrogena related to Neutrogena's not including diethylhexyl 2,6-naphthalate in the "Ultra Sheer Dry-Touch Sunblock SPF 100+" sunscreen product.

22. On information and belief, during the Prior Sunscreen Litigation, Schering-Plough HealthCare Products, Inc. scientist Dr. Patricia Agin submitted a declaration in which she stated: "Since 2001, for photostabilization of Coppertone sunscreen products containing avobenzone, Schering has used high levels of octocrylene to protect avobenzone from UV

degradation. This method of photostabilization is not and was never patented by, exclusive to, developed by, or created by Neutrogena." A true and correct copy of the Agin declaration is attached as Exhibit C.

**RESPONSE TO PARAGRAPH 22:** MSDCC admits that a Schering-Plough HealthCare

Products, Inc. scientist, Dr. Patricia Agin, submitted a declaration during the Prior Sunscreen

Litigation, admits that L'Oreal has correctly transcribed a statement from her declaration, and

admits that a true and correct copy of the declaration is attached to the Complaint at Exhibit C.

23.     On information and belief, during the Prior Sunscreen Litigation, Neutrogena (J&J) admitted that octocrylene stabilizes avobenzone, and that L'Oreal patented this technology.

**RESPONSE TO PARAGRAPH 23:** MSDCC is without knowledge or information sufficient

to form a belief as to what L'Oreal means by "stabilizes avobenzone" and therefore, whether

Neutrogena admitted that octocrylene stabilizes avobenzone and that L'Oreal patented that

technology, and therefore denies the allegations of Paragraph 23.

24.     On information and belief, during the Prior Sunscreen Litigation, Neutrogena (J&J) admitted that its "Ultra Sheer DryTouch Sunblock SPF 100+" sunscreen product, which did not include DEHN, provided extremely high, photostable UVA/UVB protection.

**RESPONSE TO PARAGRAPH 24:** MSDCC is without knowledge or information sufficient

to form a belief as to what L'Oreal means by "extremely high, photostable UVA/UVB

protection" and therefore, whether Neutrogena admitted that its Ultra Sheer DryTouch Sunblock

SPF 100+ sunscreen product provided extremely high, photostable UVA/UVB protection, and

therefore denies the allegations of Paragraph 24.

## DEFENDANTS' INFRINGEMENT

25.     Merck, [MSD Corp.] and [MSDCC] (collectively, "Defendants") have been and are now making, using, selling, or offering for sale, within the United States, sunscreen products that contain avobenzone and octocrylene under at least the Coppertone brand ("Merck Sunscreen Products," listed in Exhibit D, which is incorporated by reference).

**RESPONSE TO PARAGRAPH 25:** MSDCC admits that it has been and is now making, using, selling or offering for sale within the U.S., some sunscreen products that contain avobenzone and octocrylene under the Coppertone brand.   MSDCC denies the remaining allegations of Paragraph 25.

26.     Upon information and belief, the Merck Sunscreen Products infringe at least one claim in the '150 patent.

**RESPONSE TO PARAGRAPH 26:**   MSDCC denies the allegations of Paragraph 26.

27.     Upon information and belief, the Merck Sunscreen Products infringe at least one claim in the '354 patent.

**RESPONSE TO PARAGRAPH 27:**   MSDCC denies the allegations of Paragraph 27.

28.     Upon information and belief, Defendants have been, and will continue to, unless enjoined by this Court, infringe the '150 and '354 patents, by making, using, offering for sale and/or selling sunscreen products, including but not necessarily limited to the MSDCC Sunscreen Products.

**RESPONSE TO PARAGRAPH 28:**  MSDCC denies the allegations of Paragraph 28.

29.     Defendants, by its infringing products, has caused L'Oreal irreparable harm for which there is no adequate remedy at law.

**RESPONSE TO PARAGRAPH 29:**   MSDCC denies the allegations of Paragraph 29.

30.     L'Oreal has suffered damage as a result of Defendants' infringement to date.

**RESPONSE TO PARAGRAPH 30:**  MSDCC denies the allegations of Paragraph 30.

31.     This is an exceptional case as that term is used in 35 U.S.C. § 285.

**RESPONSE TO PARAGRAPH 31:**   MSDCC denies that any of its conduct renders this an exceptional case and therefore denies the allegations of Paragraph 31.

**COUNT I**
**(Infringement of the '150 Patent)**

32.     The allegations of Paragraphs 1 through 31 are incorporated by reference as though fully set forth herein.

**RESPONSE TO PARAGRAPH 32:**  MSDCC incorporates by reference its responses to Paragraphs 1 through 31 as though fully set forth herein.

33.     Defendants have been and is now making, using, selling, or offering for sale, within the United States, sunscreen products which directly infringe one or more claims of the '150 patent, including but not necessarily limited to the Merck Sunscreen Products, identified in Exhibit D, in violation of 35 U.S.C. § 271.

**RESPONSE TO PARAGRAPH 33:**  MSDCC denies the allegations of Paragraph 33 of the Complaint.

34.     Defendants' infringement of the '150 patent has been and continues to be willful.

**RESPONSE TO PARAGRAPH 34:**  MSDCC denies the allegations of Paragraph 34 of the Complaint.

35.     Defendants' acts of infringement have caused and will continue to cause damage to L'Oreal, and L'Oreal is entitled to recover from Defendants the damages sustained by L'Oreal and any additional remedy in an amount to be determined at trial.

**RESPONSE TO PARAGRAPH 35:**  MSDCC denies the allegations of Paragraph 35 of the Complaint.

36.     L'Oreal has suffered irreparable harm by Defendants' infringement of the '150 patent and will continue to suffer irreparable harm in the future unless and until Defendants are enjoined from infringing the '150 patent.

**RESPONSE TO PARAGRAPH 36:**  MSDCC denies the allegations of Paragraph 36 of the Complaint.

37.     Upon information and belief, Defendants will continue to infringe the '150 patent unless and until Defendants are enjoined by this Court.

**RESPONSE TO PARAGRAPH 37:**  MSDCC denies the allegations of Paragraph 37 of the Complaint.

## COUNT II
### (Infringement of the '354 Patent)

38.     The allegations of Paragraphs 1 through 31 are incorporated by reference as though fully set forth herein.

**RESPONSE TO PARAGRAPH 38:**  MSDCC incorporates by reference its responses to Paragraphs 1-31 as though fully set forth herein.

39.  Defendants have been and are now making, using, selling, or offering for sale, within the United States, sunscreen products which directly infringe one or more claims of the '354 patent, including but not necessarily limited to the Merck Sunscreen Products, identified in Exhibit D, in violation of 35 U.S.C. § 271.

**RESPONSE TO PARAGRAPH 39:**  MSDCC denies the allegations of Paragraph 39 of the Complaint.

40.  Defendants' infringement of the '354 patent has been and continues to be willful.

**RESPONSE TO PARAGRAPH 40:**  MSDCC denies the allegations of Paragraph 40 of the Complaint.

41.  Defendants' acts of infringement have caused and will continue to cause damage to L'Oreal, and L'Oreal is entitled to recover from Defendants the damages sustained by L'Oreal and any additional remedy in an amount to be determined at trial.

**RESPONSE TO PARAGRAPH 41:**  MSDCC denies the allegations of Paragraph 41 of the Complaint.

42.  L'Oreal has suffered irreparable harm by Defendants' infringement of the '354 patent and will continue to suffer irreparable harm in the future unless and until Defendants are enjoined from infringing the '354 patent.

**RESPONSE TO PARAGRAPH 42:**  MSDCC denies the allegations of Paragraph 42 of the Complaint.

43.  Upon information and belief, Defendants will continue to infringe the '354 patent unless and until Defendants are enjoined by this Court.

**RESPONSE TO PARAGRAPH 43:**  MSDCC denies the allegations of Paragraph 43 of the Complaint.

## PRAYER FOR RELIEF

**RESPONSE TO PRAYER FOR RELIEF:**  MSDCC denies the allegations contained in the Prayer for Relief of the Complaint and further denies that L'Oreal is entitled to any relief whatsoever against MSDCC.

## AFFIRMATIVE DEFENSES

44.     Further responding to the Complaint, MSDCC asserts the following defenses, without admitting any allegations of the Complaint not otherwise admitted and without assuming any burden where such burden would otherwise be on L'Oreal:

### FIRST AFFIRMATIVE DEFENSE
### Non-Infringement

45.     MSDCC has not infringed any valid and/or enforceable claim of the '150 Patent or the '354 Patent, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
### Invalidity of U.S. Patent No. 5,587,150 and U.S. Patent No. 5,576,354

46.     The '150 Patent and the '354 Patent are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 102, 103 and 112, the statutory and non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

47.     The claims of the '150 Patent and '354 Patent are vague and indefinite and do not satisfy the requirements of 35 U.S.C. §112.

48.     The '150 Patent and the '354 Patent are invalid as anticipated and/or obvious over prior art printed publications, including product labels, product directories, U.S. patents and foreign patents.   All these sources of prior art disclosed and/or suggested the combination of avobenzone and octocrylene for use in a sunscreen composition as claimed.   These publications were available to the public more than one year before L'Oreal filed the parent application  (WO

91/11989) on February 13, 1991.  Also, the prior art references expressly or at least inherently disclosed or suggested the method claimed in the '354 Patent.  Accordingly, these prior art references invalidate both the '150 and the '354 Patents under 35 U.S.C. § 102 and/or §103.

49.    L'Oreal was aware of these and other invalidating references prior to 2004, when the European Patent Office invalidated the European foreign equivalent patent to the '150 and '354 patents.  Nonetheless, L'Oreal filed suit against MSDCC for infringing patents that L'Oreal knows are invalid.  Such litigation is vexatious and frivolous and has been brought in bad faith. L'Oreal's conduct renders this an exceptional case under 35 U.S.C. §285.

### THIRD AFFIRMATIVE DEFENSE
#### Laches

50.    L'Oreal's claims against MSDCC are barred, in whole or in part, by laches.

51.    MSDCC has included sunscreens containing avobenzone and octocrylene as active ingredients, in the manner L'Oreal alleges herein are covered by its patents, continuously, since no later than 2001 in its Coppertone line of products.  During this time, the active ingredients and the concentrations of the active ingredients for the Coppertone sunscreen have been clearly listed on the Coppertone product labels.  Thus, L'Oreal knew or should have known since at least 2001 that the Coppertone products offered for sale contained both avobenzone and octocrylene in concentrations that L'Oreal alleges herein are covered by its patents.  L'Oreal's delay in bringing this lawsuit has been unreasonable and is inexcusable.

52.    Over the past eleven years, MSDCC has expanded the Coppertone line of sunscreens to include products containing the combination of avobenzone and octocrylene. Today, this combination of ingredients is part of a large percentage of the Coppertone sunscreens.  Also, due to the passage of at least eleven years, it has become more difficult to obtain evidence related to the issues raised by this lawsuit.  Had L'Oreal been diligent in

asserting its patent rights, MSDCC could have pursued utilizing other readily available alternatives in its Coppertone sunscreen products.

53.     Accordingly, L'Oreal's unreasonable and inexcusable delay of over a decade in filing the present suit has prejudiced MSDCC.

## FOURTH AFFIRMATIVE DEFENSE
### Estoppel

54.     L'Oreal's claims against MSDCC are barred, in whole or in part, by estoppel.

55.     Specifically, L'Oreal knew that the Coppertone products offered for sale have contained avobenzone and octocrylene as active ingredients, in the manner L'Oreal alleges herein are covered by the patents-in-suit no later than 2001.  At a trade show in either 2000 or 2001, the precise date of which is under investigation, MSDCC introduced a new Coppertone sunscreen product containing avobenzone and octocrylene.   A representative from L'Oreal approached a representative from MSDCC, briefly discussed the new Coppertone product containing avobenzone and octocrylene, acknowledged his understanding that such product contained both octocrylene and avobenzone, and advised that he would make that information known at L'Oreal.  After this acknowledgement, L'Oreal has remained silent as to the alleged infringement by the Coppertone line of sunscreen products, even as MSDCC continued to expand the product line using the combination of ingredients that L'Oreal herein alleges infringes its patents.

56.     In reliance on L'Oreal's silence following L'Oreal's acknowledgement that the Coppertone sunscreen products contained avobenzone and octocrylene, MSDCC changed its position with regard to the Coppertone products.  For example, MSDCC continued to develop and market Coppertone sunscreens and increased the percentage of its sunscreens including the combination of avobenzone and octocrylene for at least the past eleven years, despite the

existence of a number of alternatives available to replace avobenzone and octocrylene in the sunscreen formulation. MSDCC now incorporates avobenzone and octocrylene into a significant segment of the Coppertone product offerings.

57. Accordingly, L'Oreal's unreasonable and inexcusable delay in filing suit after L'Oreal informed MSDCC that it was aware that the Coppertone products used avobenzone and octocrylene as ingredients and then failed to take any action or otherwise raise any objection in connection with the use of avobenzone and octocrylene in Coppertone products has prejudiced MSDCC.

## FIFTH AFFIRMATIVE DEFENSE
### No Costs Under 35 U.S.C. § 288

58. L'Oreal has not disclaimed any claim of the '150 Patent or the '354 Patent with the Patent and Trademark Office before commencement of the suit. At least one claim of these patents is invalid. Therefore, L'Oreal is not entitled to seek recovery of its costs pursuant to 35 U.S.C. § 288.

## SIXTH AFFIRMATIVE DEFENSE
### Statute Of Limitations

59. L'Oreal is barred from recovering for any infringement occurring more than six years prior to the filing date of L'Oreal's Complaint, pursuant to 35 U.S.C. § 286.

## SEVENTH AFFIRMATIVE DEFENSE
### Failure To Mark

60. No damages may be recovered by L'Oreal or L'Oreal's claims are limited in whole or in part, because the owner of the '150 Patent and the '354 Patent, or those making, offering for sale, or selling within the United States any articles patented under the '150 Patent and/or the '354 Patent, for or under that owner, failed to satisfy the requirements of 35 U.S.C. § 287.

## ADDITIONAL DEFENSES RESERVED

61.    MSDCC reserves all defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future.

## DEMAND FOR JURY TRIAL

MSDCC requests a jury trial on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, MSDCC  respectfully requests: (i) entry of Judgment on the Complaint in favor of MSDCC and against all Plaintiffs, on all issues; (ii) that Plaintiffs' Complaint be dismissed with prejudice in all respects; (iii) that this be declared an "exceptional case" pursuant to 35 U.S.C. § 285 by virtue of Plaintiffs' having wrongfully brought and/or maintained this case; (iv) that Plaintiffs be denied an injunction; and (v) that MSDCC be awarded its costs, attorneys' fees and such further legal and/or equitable relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Defendant MSD Consumer Care., Inc.*

OF COUNSEL:

Matthew Siegal
Jason M. Sobel
Binni N. Shah
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY  10038
(212) 806-5400

August 1, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 1, 2012, upon the following in the manner indicated:

Richard L. Horwitz, Esquire                                  *VIA ELECTRONIC MAIL*
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Hercules Plaza – 6th Floor
Wilmington, DE  19801

Barry J. Herman, Esquire                                     *VIA ELECTRONIC MAIL*
Richard D. Kelly, Esquire
Jeffrey B. McIntyre, Esquire
Tia D. Fenton, Esquire
Frank J. West, Esquire
Lisa Mandrusiak, Esquire
OBLON, SPIVAK, MCCLELLAND,
  MAIER & NEUSTADT, LLP
1940 Duke Street
Alexandria, VA  22314

                                        */s/ Jack B. Blumenfeld*
                                        _____
                                        Jack B. Blumenfeld (#1014)